UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RICKEY YOUNG SR., | ) |
| Plaintiff, | ) |
| vs. | ) 2:14-cv-00315-PPS-PRC |
| WEIL-McLAIN COMPANY, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Rickey Young, Sr. filed a complaint against Weil-McLain Company and a request to pursue the case *in forma pauperis*. I ordered his Complaint and *in forma pauperis* request sealed because they included some personally identifying information, and offered Young an opportunity to redact and refile. Young has chosen not to do so, so the Clerk of Court is hereby **DIRECTED TO UNSEAL ALL SEALED FILINGS ON THE DOCKET**.

I will also now take up Young's request to file *in forma pauperis*.

The federal *in forma pauperis* statute is designed to insure that indigent litigants have meaningful access to the federal courts. *Adkins v. E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 342 (1948). The statute allows a litigant to pursue a case in federal court without paying fees and costs, provided the litigant submits an affidavit asserting an inability "to pay such fees or give security therefor," *and* the action is not frivolous. 28 U.S.C. § 1915. This access is not meant to be unlimited. In this circuit I must make preliminary determinations regarding the prospective litigant's indigence and the

frivolousness of the complaint. If the action is frivolous, I must deny leave to proceed *in forma pauperis*. I must also dismiss the case if, at any time, I determine the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(a) and (e). *See, e.g.*, *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("The only difference regarding IFP and fee-paying plaintiffs arises in section 1915(e), which directs courts to screen all complaints filed with requests to proceed IFP and provides that 'the court shall dismiss the case at any time' if, among other things, the action is frivolous or malicious or 'fails to state a claim on which relief may be granted . . . .'" (quoting 28 U.S.C. § 1915(e)(2).))

Here, *in forma pauperis* status is **DENIED** because Young's income well exceeds the 2014 poverty guidelines and because his Complaint fails to state a claim on which relief can be granted. I must also **DISMISS THIS CASE** for the latter reason.

First, Young claims income of $2,239 per month, or $26,868 per year. That substantially exceeds the 2014 poverty guideline for a family of one living in Indiana of $11,670. Annual Update of the HHS Poverty Guidelines, 79 Fed. Reg. 3593 (Jan. 22, 2014). Young's income substantially exceeds the standard even when his monthly child support payment is taken into account. His *in forma pauperis* request is denied on that score.

Young's Complaint also fails to state a case against his former employer, Weil-McLain Company. The Complaint lists only Weil-McLain as a defendant. The Complaint notes that Young has already been compensated through a worker's

2

compensation action for the injury attributed to his employment. "The [Occupational Diseases Act, part of Indiana's worker's compensation scheme,] provides the exclusive remedy for an employee against his employer when the employee develops an occupational disease." *Roberts v. ACandS, Inc.*, 806 N.E.2d 1, 3 (Ind. Ct. App. 2004) (citing Ind. Code § 22-3-7-6). Young might be able to sue non employers in court, but due to worker's compensation exclusivity he can't sue his employer. This fact requires the Court to **DENY THE *IN FORMA PAUPERIS* REQUEST AND TO DISMISS THIS CASE.**

For the foregoing reasons, the Court:

(1) **DIRECTS** the Clerk of Court to **UNSEAL** all sealed filings in this case;

(2) **DENIES** Young's request to file this case *in forma pauperis*; and

(3) **DISMISSES** this case because the Complaint fails to state a claim.

**SO ORDERED**.

ENTERED: October 27, 2014

/s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**